# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ISMAAEEL JAMISON, | ) | |
| | ) | |
| Plaintiff, | ) | 15-cv-0262 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| CITY OF CHICAGO, a municipal, | ) | |
| corporation, and UNKNOWN CHICAGO | ) | |
| POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ismaaeel Jamison was involved in a physical confrontation with certain unknown Chicago police officers during which he allegedly was beaten, tasered, and shot. As a result, he has sued these unknown Chicago police officers under 42 U.S.C. § 1983 for use of excessive force and failure to intervene in the use of such force, as well as state law claims for battery and intentional infliction of emotional distress. In addition, Jamison has filed claims against the City of Chicago under theories of *respondeat superior* and indemnification. Defendants now move to dismiss, arguing principally that, due to a federal case that was filed by Jamison and subsequently dismissed for want of prosecution, the doctrine of *res judicata* precludes him from pursuing this case. Defendants also argue that various statute of limitations apply to bar Jamison's state law claims. Jamison responds that his previously-filed federal case should not have been dismissed for want of prosecution and that an Illinois savings clause provision operates to preserve his claims.

For the reasons stated herein, the Court concludes that *res judicata* bars Jamison's present claims and grants Defendants' motion.

# I. Factual & Procedural Background

## A.     Factual Background[1]

On November 22, 2012, Jamison was riding a City of Chicago Transit Authority bus when he began to suffer from a malady of unknown origin and began an argument with Hector Henandez, a fellow passenger, and Thomas Hojnacki, the bus driver. *See* Compl. ¶¶ 8–10. During the course of this argument, Jamison disrobed, exited the bus, and stood on the sidewalk half-dressed and mumbling incoherently. *See id.* ¶¶ 11–12. Jamison was holding nothing in his hands and had no weapons in his possession. *See id.* ¶ 13.

When certain unknown Chicago police officers arrived at the scene, they saw Jamison in physical and mental distress. *See id.* ¶ 14. Jamison allegedly rushed the responding police officers, and the police officers shot Jamison multiple times. *See id.* ¶ 15. While Jamison was lying wounded on the sidewalk, various police officers tasered Jamison when he tried to sit up, stood on him, and kicked him forcefully. *See id.* ¶¶ 16–18. According to Jamison, a camera at the scene recorded these events, as well as a group of around twenty police officers who saw these events, but did nothing. *See id.* ¶ 19. As a result of these events, Jamison spent three weeks in the hospital, incurred expensive medical bills, and suffered physical and mental injuries. *See id.* ¶¶ 20–21.

---

[1]     When reviewing a defendant's motion to dismiss, the Court assumes the alleged facts in the complaint are true and draws all possible inferences in a plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

B.  **Procedural Background**[2]

1. *Jamison I* (**Case No. 14-cv-9269**)

Jamison first brought suit based on the above incident in federal court on November 19, 2014, docketed as Case No. 14-cv-9269 (hereinafter, "*Jamison I*"). *See* Defs.' Mot. Dismiss, Ex. B. The complaint in *Jamison I* included claims of civil rights violations brought under 42 U.S.C. § 1983. *See id.*, Ex. B, ¶¶ 22–27.

On January 20, 12015, Judge Der-Yeghiayan held an initial status hearing in *Jamison I, but* Jamison and his counsel both failed to appear. *See* Defs.' Mot. Dismiss, Ex. C (1/20/15 Min. Entry) (noting that "[n]o one appeared on behalf of the Plaintiff on the Court's noticed hearing " and that "failure to appear on a Court's noticed hearing may result in the dismissal of the action for want of prosecution pursuant to Local Rule 41.1"). The status hearing in *Jamison I* was reset for January 22, 2015. *See id.* On January 22, 2105, Jamison and his counsel again failed to appear, and Judge Der-Yeghiayan dismissed *Jamison I* for want of prosecution. *See id.*, Ex. C (1/22/14 Min. Entry). This judgment was never appealed.

2. *Jamison II* (**Case No. 15-cv-0262**)

Five days after *Jamison I* was filed, on November 24, 2014, Jamison filed a second complaint, this time in state court. *See id.*, Ex. A. 2. Jamison's state court complaint alleged substantially similar civil rights violations under 42 U.S.C. § 1983 and state law tort claims. *See id.* Defendants filed a notice of removal in the state court case, and the case was assigned to this Court as Case No. 15-cv-0262 (hereinafter, "*Jamison II*"). *See* 1/22/15 Not. Removal. Because service apparently had not been executed in *Jamison II*, *see generally* Defs.' Mot. Dismiss, Ex. C (no return or executed waiver of service), Defendants were unaware that *Jamison I* was pending

---

[2]   The procedural background is taken from Jamison's Complaint as well as the docket of this Court. Such documents are proper subjects for judicial notice. *See Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir.1998) (judicial notice of documents in public record proper).

3

when they removed the state court case. Three days after removal, this Court set an initial status hearing for March 3, 2015, in *Jamison II*. *See* 1/15/15 Min. Entry.

## II. Legal Standards

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in the complaint must at least "raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. The Court must accept as true all well-pleaded allegations in the complaint and draw all possible inferences in the plaintiff's favor. *See Tamayo*, 526 F.3d at 1081. Mere legal conclusions, however, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

## III. Analysis[3]

Defendants argue that the doctrine of *res judicata* bars Jamison's claims here. *Res judicata*, when applied in federal court, is a matter of federal common law. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). "In federal court, *res judicata*—or claim preclusion—has three elements: (1) an identity of the parties or their privies in the first and second lawsuits; (2) an identity of the cause of action; and (3) a final judgment on the merits in the first suit." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). Jamison does not contest any of the elements, and in this case, all three elements are present.

First, there is an identity of parties or their privies. In both *Jamison I* and *Jamison II*, Jamison proceeds against the City of Chicago and the unknown police officers present at the scene of the altercation at issue. *Compare* Defs.' Mot. Dismiss, Ex. B, *Jamison I* Compl. ¶¶ 5–7 (naming "Defendant City of Chicago" and "unknown Chicago Police Officers" employed by the

---

[3] Because *res judicata* applies to bar Jamison's claims here, the Court does not address Defendants' argument that Plaintiff's claims fail under the various statutes of limitations.

City of Chicago); *Jamison II* Compl. ¶¶ 5-7 (same). As both cases proceed against the same parties, the first element is met. *See Palka v. City of Chic.*, 662 F.3d 428, 437 (7th Cir. 2011) (if plaintiff sues the same entities twice "identity of the parties" is met for *res judicata* purposes). Jamison does not argue this point.

Second, there is an identity of the cause of action. "Whether there is an identity of the cause of action depends on whether the claims comprise the same core of operative facts that give rise to a remedy." *Adams*, 742 F.3d at 736 (internal quotations omitted). This does not require express factual parity. "[T]wo claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *Herrmann v. Cencom Cable Assoc. Inc.*, 999 F.2d 223, 226 (7th Cir. 1993). Here, both *Jamison I* and *Jamison II* spring from nearly the same factual allegations: Jamison got into an argument on the bus with the driver and a fellow passenger, disrobed, exited the bus, and was shot, tasered, and beaten by Chicago police officers while other Chicago police officers failed to intervene. *Compare* Defs.' Mot. Dismiss, Ex. B, *Jamison I* Compl. ¶¶ 8–21; *Jamison II* Compl. ¶¶ 8–22. As Defendants point out, the only difference between the two complaints is the additional allegation in *Jamison II* that Jamison was rushing towards the police officers before being shot. *See Jamison II* Compl. ¶ 14. This difference is *de minimis* for *res judicata* purposes. Furthermore, although the architecture of the formal legal theories varies between *Jamison I* and *Jamison II*, *res judicata* does not require an identity of legal theories. "Even if the two claims are based on different legal theories, the two claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chic.*, 649 F.3d 539, 547 (7th Cir. 2011); *see also Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999). As both *Jamison I* and *Jamison II* involve the same factual allegations, the second element is met.

Lastly, there was a final judgment on the merits in *Jamison I*. That case was dismissed for want of prosecution under Rule 41(b).[4] It is well established that a dismissal for want of prosecution under Rule 41(b) operates as adjudication on the merits that is final for *res judicata* purposes. *See* Fed. R. Civ. P. 41(b); *Hill v. United States.*, 762 F.3d 589, 591 (7th Cir. 2014) (noting that "dismissal for failure to prosecute is presumptively with prejudice"); *Taylor v. Chic. Police Dep't,* No. 07-CV-5097, 2008 WL 2477694, at *3 (N.D. Ill. June 18, 2008). As the dismissal for want of prosecution constitutes a final judgment for *res judicata* purposes, the third element is met.

In the face of the uncontested elements, Jamison offers two arguments against the application of *res judicata*. First, he argues that *Jamison I* should not have been dismissed under Rule 41(b) for want of prosecution without an inquiry by Judge Der-Yeghiayan into potential factors that may have excused or explained Jamison's failure to appear. *See* Pl.'s Resp. 1–2 (citing *Sroga v. Huberman*, 722 F.3d 980 (7th Cir. 2013)). This argument, of course, is not properly brought before *this* Court. Rather, it should have been brought in a motion for relief from judgment under Rule 60 in *Jamison I* or in an appeal to the Seventh Circuit.[5] *See Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011) (district court retains jurisdiction to consider Rule

---

[4]  *Jamison I* was dismissed *sua sponte* by the Court after notice was previously given to Jamison that failure to appear could result in such a dismissal. For completeness, this Court notes that "[a]lthough the authority of a court to dismiss an action *sua sponte* for want of prosecution stems from the court's inherent power to control its docket rather than from Rule 41(b) . . . Rule 41(b) nevertheless controls the question of whether the dismissal is on the merits, because a *sua sponte* dismissal constitutes a dismissal not provided for in [the] rule." *Kimmel v. Texas Commerce Bank*, 817 F.2d 39, 41 (7th Cir. 1987) (internal quotations and citations omitted) (second alteration in original).

[5]  The Court notes that, while the time for appeal to the Seventh Circuit has likely run, Jamison is not without recourse. He can file a motion under Rule 60 in *Jamison I* and will likely be within the time to do so. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.")

60 motions); *see also Harrington v. City of Chic.*, 433 F.3d 542, 546 (7th Cir. 2006) (a litigant's "plea for the district court to excuse his neglect in prosecuting this case" must be brought under Rule 60). Jamison did neither.

Secondly, Jamison argues that the Illinois state savings provision contained in 735 Ill. Comp. Stat. 5/13-217, which federal courts adopt for purposes of lawsuits under 42 U.S.C. § 1983, *see Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007), allows a plaintiff whose claims were dismissed for want of prosecution to refile those claims within a year. If *Jamison I* had been an Illinois state court case, Jamison's argument would have more purchase because "*under Illinois law*, a dismissal for want of prosecution is a dismissal without prejudice." *Aspacher v. Rosenthal Collins Grp.*, No. 00 C 7520, 2001 WL 930785, at *5 (N.D. Ill. Aug. 15, 2001) (emphasis in original). But as *Aspacher* notes, 735 Ill. Comp. Stat. 5/13-217 does not trump the binding effects of a Rule 41(b) dismissal entered in a federal court case, even if the second case for *res judicata* purposes is brought in Illinois state court. *Accord* Fed. R. Civ. P. 41(b); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001) ("[T]he effect of the 'adjudication upon the merits' default provision of Rule 41(b) . . . is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim"); *Aspacher*, 2001 WL 930785, at *5 ("[I]t is clear that, even under Illinois law, Rule 41(b) dismissals for want of prosecution trump 735 ILCS 5/13-217.") (discussing *inter alia Blaszczak v. City of Palos Hills*, 463 N.E.2d 762 (Ill. 1984), and *Martin-Trigona v. Gouletas*, 433 N.E.2d 1132 (Ill. 1982)). Jamison offers no persuasive response.

It is unclear to the Court why Jamison filed two identical lawsuits in the manner he did and then neglected to prosecute his first lawsuit in federal court. And given the nature of the allegations in the complaint, the result here may strike some as unduly harsh. But *res judicata*

7

applies to claims of excessive force brought under 42 U.S.C. § 1983. *See Taylor v. City of Chic.*, 334 F. App'x 760, 761 (7th Cir. 2009) (applying claim preclusion to civil rights claim under 42 U.S.C. § 1983). And, just as Section 1983 promotes important constitutional principles, the doctrine of *res judicata* serves an important function by "promot[ing] predictability in the judicial process, preserv[ing] the limited resources of the judiciary, and protecting] litigants from the expense and disruption of being haled into court repeatedly." *Palka*, 662 F.3d at 437. This is particularly true in a case such as this where the dismissal of the previously-filed case was due to Plaintiff's own failure to pursue it.

### IV. Conclusion

For the reasons provided herein, Defendants' motion to dismiss [8] is granted. Civil case terminated.

**SO ORDERED**                          **ENTERED 6/2/15**

                                                     */s/ John Z. Lee*

                                                      **John Z. Lee**
                                                      **United States District Judge**